FENNEMORE CRAIG, P.C.
Nancy March (No.012802)
One South Church Ave., Suite 1000
Tucson, AZ 85701-1627
Telephone: (520) 879-6800
Facsimile: (520) 879-6899
Email: nmarch@fclaw.com

Attorneys for Judgment Creditor Victoria Gunvalson

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | In Proceedings Under Chapter 13 |
|---|---|
| ROBERT LANCASTER WILLIAMSON, III, | Case No. 2:16-BK-00788-EPB |
| Debtor. | **OBJECTION OF JUDGMENT CREDITOR VICTORIA GUNVALSON TO CONFIRMATION OF CHAPTER 13 PLAN** |

Judgment creditor, VICTORIA GUNVALSON ("Ms. Gunvalson"), objects to confirmation of the "<u>Chapter 13 Plan and Application for Payment of Administrative Expenses</u>" (the "Chapter 13 Plan" or the "Plan") filed by debtor Robert Lancaster Williamson, III (the "Debtor"), pursuant to 11 U.S.C. § 1325. The Debtor is ineligible for Chapter 13 relief because, as a professional poker player, he does not have "regular income," as required under 11 U.S.C. § 109(e), to fund his Chapter 13 Plan. In addition, upon information and belief, the Debtor has failed to accurately account for his income and his non-exempt property in his sworn bankruptcy statements and schedules. As a result, he is significantly underfunding his Chapter 13 Plan, and Ms. Gunvalson asks the Court to deny confirmation.

## **BACKGROUND**

Ms. Gunvalson is the holder of a judgment issued by the District Court of Nevada for $132,641.00 in attorneys' fees against Mr. Williamson arising from a lawsuit about a

11513624.1/042260.0001

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

Case 2:16-bk-00788-PS   Doc 35   Filed 04/13/16   Entered 04/13/16 11:57:32   Desc
Main Document      Page 1 of 6

failed business venture in Nevada.[1]  As a result of their prior dealings and her attempts to execute on the judgment, Ms. Gunvalson has some knowledge of the Debtor's assets, income, and business activities.  Based on this knowledge, she asserts that the Debtor is substantially understating his income and his assets and, therefore, his proposed Chapter 13 Plan does not provide for payment of all of his disposable income for the benefit of his unsecured creditors; nor does it propose to pay unsecured creditors what they would receive in a Chapter 7 liquidation.

Specifically, the Debtor proposes to fund his plan with only $210 per month for 60 months.  This is based on purported gross monthly income from "self-employment" of $10,000.00.  This income (from playing poker and serving as a television commentator) is speculative and inexact at best, and dishonest at worst.  The Debtor admits that his income for calendar year 2015 was $154,000 and for 2014 was $537,885.  He also claims his monthly expenses include mortgage payments of more than $5,500 and his wife's plan payment of $1,750.00.  Finally, the Debtor claims he has no non-exempt assets.  This is simply not credible, given that as recently as 2014 he earned $537,885.

## **OBJECTION**

**A.     Introduction.**

Section 1325(a) of the Bankruptcy Code sets forth the requirements for confirmation of a Chapter 13 plan.  Those requirements include that the plan must be proposed in good faith (§ 1325(a)(3)) and that the plan complies with the provisions of Chapter 13 and with the other applicable provisions of the Bankruptcy Code (§ 1325(a)(1).  In addition, Section 1325(a)(4) requires that the value of property to be distributed under the plan is at least as much as would be paid on such claim in a Chapter 7 bankruptcy, and Section 1325(b)(1)(B) requires that, if an objecting unsecured creditor, such as Ms. Gunvalson, is not to be paid in full under a plan, the plan must provide that "all of the debtor's projected disposable income to be received in the applicable commitment period . . . will be applied to make payments to unsecured creditors under the

---

[1]     This lawsuit is listed on the Debtor's Statement of Financial Affairs.

11513624.1/042260.0001

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

plan." Ms. Gunvalson objects to confirmation of the Chapter 13 Plan because it violates Sections 1325(a)(1), (3), and (4), and 1325(b)(1)(B).

**B.  The Plan Was Not Proposed In Good Faith and Does Not Comply With The Bankruptcy Code.**

Section 1325(a)(3) of the Bankruptcy Code requires that a Chapter 13 plan be proposed in good faith and not by any means prohibited by law. Similarly, Section 1325(a)(1) requires a plan to comply with the provisions of Chapter 13 and other applicable provisions of the Bankruptcy Code. The Ninth Circuit requires bankruptcy courts to apply a "totality of the circumstances" test in determining whether a plan is proposed in good faith. *See In re Metz*, 820 F.2d 1495, 1498 (9th Cir. 1987)(stating that, under some circumstances successive filings or low repayment plans can be indicative of bad faith). "A good faith test . . . should examine the intentions of the debtor and the legal effect of the confirmation of a Chapter 13 plan in light of the spirit and purposes of Chapter 13." *See In re Chinichian*, 784 F.2d 1440, 1444 (9th Cir. 1986) (ruling there was sufficient evidence to support a finding that the plan was not filed in good faith because it was designed to defeat state court litigation); *see also Goeb v. Heid In re Goeb*, 675 F.2d 1386 (9th Cir. 1982) (rejecting certain bright-line tests for bad faith). A number of factors in the present case combine to demonstrate that the Debtor's plan was proposed in bad faith.

The Plan was not proposed with the legitimate purpose of attempting to repay creditors an appropriate amount. The Debtor is a professional poker player and does not have regular income, as required by 11 U.S.C. § 109(e). Instead of agreeing to devote his future or "excess" poker earnings to repayment of creditors under his Chapter 13 Plan, he claims that his monthly earnings are a round $10,000.00, an amount that is considerably lower than his actual earnings over the last two year. At the same time, his budget provides for payment of $1,750.00 per month to pay his wife's creditors, while creditors in this case would receive only $210.00 per month. This result is inequitable and shows a lack of good faith.

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

11513624.1/042260.0001

- 3 -

Case 2:16-bk-00788-PS    Doc 35    Filed 04/13/16    Entered 04/13/16 11:57:32    Desc
Main Document    Page 3 of 6

A plan that was filed with a good-faith intention to repay creditors would provide that excess earnings would be turned over to the Chapter 13 trustee for payment to creditors. This Chapter 13 Plan does not contain such a provision and it should not be confirmed under Section 1325(a)(1) and (3).

### C. The Debtor Falsely Claims He Has No Non-Exempt Assets.

Section 1325(a)(4) requires a debtor to pay unsecured creditors at least as much as they would receive in a Chapter 7 liquidation of the debtor's assets. In the present case, the Debtor alleges he satisfies this "best interest of creditors' test" and asserts he does not have any non-exempt assets. *See* Chapter 13 Plan at page 6. This assertion is at odds with the Debtor's statements in his Schedule "C." Schedule "C" lists multiple Lexus vehicles with equity and valuable jewelry that is worth more than the amount of any allowable exemption.

Moreover, upon information and belief, the Debtor has not listed or accurately described and valued his assets. It defies common sense to believe that someone who earned over $500,000.00 as recently as 2014 would not own valuable non-exempt assets, and that a professional poker player would not have chips, bank accounts and other liquid assets above the exemption amount claimed.

Specifically, and as just one example, the Debtor lists jewelry, including bracelets, four watches and a wedding band, valued at $5,900, only $1,550 of which he claims as exempt. Upon information and belief, the Debtor has won a bracelet in the World Series of Poker that is not entitled to be claimed as exempt and that is likely worth far more than the $700 asserted, and the Debtor's wedding band is likely worth more than the amount asserted. Ms. Gunvalson also believes the Debtor's other jewelry is worth significantly more than the listed amounts.

The Debtor, by his own admission, is not paying his unsecured creditors what they would receive in a Chapter 7 liquidation of his non-exempt assets. However, Ms. Gunvalson is informed, and believes that the Debtor owns substantially more valuable assets than he has listed on his sworn statements and schedules. The value of these non-

exempt assets must be paid toward the unsecured claims against him. Because the Chapter 13 Plan does not provide for such payments, it violates Section 1325(a)(4) and cannot be confirmed.

### D. The Debtor Does Not Propose to Pay All of His Projected Disposable Income toward the Claims of Unsecured Creditors.

The Debtor asserts he receives only $10,000 a month in income. This projection is less than the amounts he earned in each of the last two years and substantially less than he earned in 2014. As a professional poker player, the Debtor's income fluctuates from year to year and month to month. Notwithstanding this uncertainty, the Debtor does not propose to pay to the Trustee, and ultimately to his creditors, any earnings in excess of this low estimated amount.

Ms. Gunvalson is an unsecured creditor, she objects to confirmation of the Plan, and she is not being paid in full under the Plan. Thus, pursuant to Section 1325(b)(1) of the Bankruptcy Code, the Plan must provide that all of the Debtor's projected disposable income will be applied to make payments to unsecured creditors under the plan. Because it does not, it is not confirmable.

## CONCLUSION

For all of the foregoing reasons, Ms. Gunvalson respectfully requests that this Court deny confirmation of the Plan pursuant to 11 U.S.C. § 1325 and grant such additional and other relief as is just and proper under the circumstances of this case. Ms. Gunvalson also reserves the right to supplement this Objection based upon any additional evidence that comes to light.

DATED this 13th day of April, 2016.

FENNEMORE CRAIG, P.C.

By /s/ *Nancy J. March* (No. 012802)
Nancy J. March
Attorneys for Victoria Gunvalson

| | |
|---|---|
| 1 | COPIES of the foregoing were sent as indicated this 13th day of April, 2016, to: |
| 2 | |

| | | |
|---|---|---|
| 3 | Mark Wesbrooks | (email) |
| 4 | 15396 N. 83rd Ave. Ste. C100 Peoria, AZ 85381 | |
| 5 | wesbrooksefax@gmail.com Attorney for the Debtor | |
| 6 | | |
| 7 | Edward J. Maney 101 N. First Ave., Suite 1775 Phoenix, AZ 85003 | (first-class mail) |
| 8 | Chapter 13 Trustee | |
| 9 | Robert Lancaster Williamson III 2272 S. McClelland Place | (first-class mail) |
| 10 | Chandler, AZ 85286 Debtor | |
| 11 | | |
| 12 | Leonard J. McDonald Tiffany & Bosco P.A. | (email) |
| 13 | 2525 East Camelback Road Phoenix, AZ 85016 ljm@tblaw.com | |

/s/ *Susanne García*

FENNEMORE CRAIG
PROFESSIONAL CORPORATION
PHOENIX

11513624.1/042260.0001

-6-

Case 2:16-bk-00788-PS    Doc 35    Filed 04/13/16    Entered 04/13/16 11:57:32    Desc
Main Document    Page 6 of 6