1  Edward J. Maney
   Chapter 13 Trustee
2  101 N. First Ave., Suite 1775
   Phoenix, Arizona 85003
3  Telephone (602) 277-3776
   ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | CHAPTER 13 PROCEEDINGS |
| ) | |
| ) | CASE NO. # 2: 16-00788-EPB |
| ROBERT LANCASTER WILLIAMSON III, ) | |
| ) | TRUSTEE'S EVALUATION AND |
| ) | RECOMMENDATION(S) REPORT WITH |
| ) | NOTICE OF POTENTIAL DISMISSAL IF |
| ) | CONDITIONS ARE NOT SATISFIED |
| ) | RE:  CHAPTER 13 PLAN |
| (Debtor(s)   ) | *Docket #29* |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.  *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan.  This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state:  "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case and that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of bank statement that reveals the balance on hand on the date of their filing of their case.

2. JPMorgan Chase (mortgage arrears) and Victoria Gunvalson have filed objections to the Plan. The Trustee requires the objections be resolved prior to confirmation of the Plan.

3. The proof of claim filed by the Internal Revenue Service (claim #3) differs substantially by classification and/or amount from this creditor's treatment under the Plan.  To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim including payment of the contract rate of interest; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim

4. IRS' proof of claim dated March 21, 2016 indicated Debtor has not filed income tax returns for 2015.  The Trustee requires Debtor to immediately prepare and file all unfiled tax returns. **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

5. Considering items #3, #4 and #5 above, the Trustee's analysis reveals a $24,964 funding shortfall, which must be cured before the Plan can be confirmed.

6. The Trustee requires complete information/documentation regarding entries on Schedule B for "domain name and trademarks" and "money damages" re: Vicki's Vodka v. Gunvalson & Ayers, both listed for an unknown value.

7. The Trustee requires a **completed** and **signed** copy of Debtor(s) 2014 State and Federal tax returns, W-2's and 1099's. The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income. In that case, unless the plan is confirmed at 100% repayment to all creditors the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds 2015, 2016, 2017, 2018 and 2019 of the Plan as supplemental Plan payments.

8. The Trustee has sent the Debtor a business package, which contained a Business Questionnaire, a Schedule of Accounts payable and two Monthly Business Operating Statements (BOS). The Debtor must complete and return the Questionnaire and a List of Current Trade Creditors to the Trustee for both businesses: R W III, Inc. and Vicki's Vodka, LLC. The Debtor must file Monthly Business Operating Statements with the Court with a copy to the Trustee for the months of January through March 2016. The Debtor should note that this is a monthly filing requirement, with statements to be filed on or before the 15th of each month, covering self-employment income and expenses for the month prior.

9. Upon being assigned this case, the Trustee mailed Debtor a questionnaire to be completed, signed, and returned. Debtor has failed to comply with this request. The Trustee requires that Debtor complete, sign, and return the questionnaire prior to confirmation.

10. Plan payments are currently delinquent $210 with a payment of $210 coming due May 27, 2016.

**(THE TRUSTEE ACCEPTS ELECTRONIC SERVICE at service@maney13trustee.com)**

In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.*** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #4, #5, #6, #7, #8, #9, #10 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

EDWARD J. MANEY,
CHAPTER 13 TRUSTEE

By: _____
Edward J. Maney ABN 12256
CHAPTER 13 TRUSTEE
101 North First Ave., Suite 1775
Phoenix, Arizona 85003
(602) 277-3776
ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Robert Williamson
2272 S. McClelland Place
Chandler, Arizona 85286
Debtor

Mark D. Wesbrooks, Esq.
15396 N. 83rd Ave.
Suite C-100
Peoria, Arizona 85381
Debtors' counsel

By:_____
Trustee's Clerk