THE WESBROOKS LAW FIRM, PLLC
MARK WESBROOKS
State Bar No. 018690
15396 N. 83rd Ave., Ste. C-100
Peoria, Arizona 85381
Direct: (602) 262-0390
Fax: (888) 477-5598
FOR THE DEBTORS in each case

IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re: | Chapter 13 |
| CATHERINE ANNE WILLIAMSON, | Case No: 2:15-bk-15653-PS |
| Debtor. | |

IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF ARIZONA, PHOENIX DIVISION

| | |
|---|---|
| In Re: | Chapter 13 |
| ROBERT LANCASTER WILLIAMSON, III, | Case No: 2:16-bk-00788-EPB |
| Debtor. | |

**MOTION TO CONSOLIDATE, OR ALTERNATIVELY, TO
ORDER JOINT ADMINISTRATION OF CHAPTER 13 CASES**

NOW COME, Catherine Anne Williamson, Debtor in Bankruptcy Case No. 2:15-bk-15653-PS, and said Debtor's husband, Robert Lancaster Williamson III, Debtor in Case No. 2:16-bk-00788-EPB, by and through their undersigned counsel, pursuant to 11 U.S.C. § 302 and Bankruptcy Rule-

Motion to Consolidate Chapter 13 Cases – Page 1

1015 (b), and hereby move the presiding judges of each Bankruptcy Court referenced above, to enter an order consolidating the above causes in to one cause, as would be appropriate and feasible for the administration of the bankruptcy estate of the parties as joint debtors, upon the following good cause shown:

Debtors are presently married, and were each married to the other on the date of the filing of each bankruptcy case.

Debtor, Catherine Anne Williamson's Bankruptcy case was initially filed under Chapter 13 of the Bankruptcy Code on December 14, 2015. Such was filed on an emergency basis, as the secured mortgage creditor holding a lien against Debtor's residential homestead property was proceeding with a scheduled foreclosure sale.

Debtor, Robert Lancaster Williamson III 's Bankruptcy case was filed under Chapter 13 of the Bankruptcy Code on January 28, 2016. Such was filed as an emergency filing as a creditor was seeking to seize assets through use of a Writ of Execution from the State of Nevada.

Upon each of the aforementioned cases being filed, a Motion to Consolidate the cases, was filed. At the time of hearing, Counsel was unable to certify specific issues related to commonality of the two respective Debtors' debts.

Debtors' respective estates consist of community property, with the exception that Debtor, Robert Williamson, III. holds an interest in real property in the state of Texas, which he owned prior to marriage. At time of this renewed motion, it has been determined that <u>all</u> debts in each proceeding are community property debts of both parties, which presents complete commonality of debts and property reachable by creditors, subject to lawful exemptions.

Each Debtor relies on income received by Debtors through the closely held entity, R.W. III.,

Case 2:16-bk-00788-PS    Doc 46    Filed 07/08/16    Entered 07/08/16 12:05:21    Desc
Main Document    Page 2 of 5

Inc., which employs Robert Williamson, through contractual service agreements with third parties, which produce the parties' income.

Each of the Debtor's incomes was utilized in the formation of Debtor, Catherine Anne Williamson's Chapter 13 Plan. The same debts are administered under the plan of Robert Williamson III.

As there is complete identity with respect to creditors and assets (for bankruptcy purposes), the cases should be appropriately consolidated. Such is necessary for meaningful confirmation of the Chapter 13 Plan, and for an effective reorganization of the Debtors' estates.

## NO CREDITOR OR PARTY IN INTEREST SHALL BE HARMED AS THE RESULT OF CONSOLIDATION.

No creditor or party in interest will be harmed as the result of consolidation. Debtors anticipate treatment of their creditors as follows, to prevent any adverse result to such Creditor's interests:

Secured Creditors:

Secured Mortgage Creditors shall be paid upon the prepetition claims of arrears, as set forth in their proof of claim filed in the first filed case of Cate Williamson. Post-petition payments shall be made from the time of filing of the first case, or otherwise shall be deemed delinquent.

IRS shall be paid upon its secured tax claim, as filed in the second case of Robert Williamson, III, but shall be secured by assets as set for the in the first filed case. Such secured tax claim is anticipated to be paid in full with statutory interest, given the fact IRS shall be a fully secured creditor in the consolidated case.

Unsecured Priority Claims:

It is anticipated that the amended Chapter 13 plan in the consolidated case shall provide for payment of priority claims measured from the date of the filing of the second case, which shall include statutory interest to the date of the second filing.

Unsecured Nonpriority Claims:

It is anticipated that unsecured nonpriority claims shall be paid pro rata, based upon their claim amounts as measured from the date of the second filed case, which shall include appropriate charges and interest supported by contract or at controlling law.

Administrative claims shall be paid through application and court approval.

The above proposed treatment shall be subject to review and input by the Chapter 13 Trustee, and subject to the rights of objections by the creditors or parties in interest.

Given the proposed treatment of claims, as set forth above, there shall be no harm sustained by any creditor or party in interest by consolidation of the present cases. It is proposed that the second case filed of Robert Williamson, III. be consolidated within the first case filed by Cate Williamson, and that the effective date of the automatic stay be the date of the first filing, except to the extent that any creditor or party in interest may have taken action against solely againt the Debtor Robert Williamson, III. or such Debtor's separate property prior to the date of his case filing.

Consolidation shall serve the efficient administration of justice in the cases.

WHEREFORE, premises considered, Debtors pray that the Court enter an order of consolidation of Debtors' Chapter 13 cases, and that the Court afford the debtors appropriate relief under Title 11 that Debtors would show themselves justly entitled.

RESPECTFULLY SUBMITTED this 8th day of July, 2016,

THE WESBROOKS LAW FIRM, PLLC

By: /s/mw188690
MARK WESBROOKS
State Bar No. 018690

ORIGINAL filed via ECF with
COPY of the foregoing
Via ECF Procedures same date:

Russell Brown
Chapter 13 Trustee
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965

Edward J. Maney, Trustee
101 North First Avenue
Suite 1775
Phoenix, AZ 85003

Notice was electronically mailed to:

RUSSELL BROWN
ecfmailclient@ch13bk.com

EDWARD J. MANEY
courtecf@maney13trustee.com

DAVID WINTHROP COWLES on behalf of Creditor JPMORGAN CHASE BANK NA
dwc@tblaw.com, gxh@tblaw.com;ecf@tblaw.com

U.S. TRUSTEE
USTPRegion14.PX.ECF@USDOJ.GOV

HELEN ELIZABETH WELLER on behalf of Creditor Dallas County
beth.weller@publicans.com

NANCY J MARCH on behalf of Creditor Victoria Gunvalson
nmarch@fclaw.com, sgarcia@fclaw.com

LEONARD J. MCDONALD, JR. on behalf of Creditor JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
ecf@tblaw.com

By: Mark Wesbrooks